UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT JACKSON, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-01309-TWP-DKL |
| RICHARD ROGER ROGERS JR., MD, and KEITH HALL, EMT-P, | ) |
|                 Defendants. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

This matter is before the Court on Plaintiff Robert Jackson's ("Mr. Jackson") motion to proceed in *forma pauperis* and for screening of the complaint as required by 28 U.S.C. § 1915(e)(2)(B).

## I.  *In Forma Pauperis*

Mr. Jackson's motion to proceed *in forma pauperis* [dkt. 2] is **granted.**

## II.  Screening

Title 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief that is plausible on its face, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Jackson resides in Indianapolis, Indiana. He names two defendants in his complaint: 1) Dr. Richard Roger Rogers, Jr.; and 2) Keith Hall, EMT-P. Mr. Jackson alleges that he accidently shot himself with a metal pellet gun. Thereafter, Dr. Rogers saw him in an Indianapolis hospital emergency room and failed to provide proper treatment for his finger. Dr. Rogers did not remove the pellet. Mr. Jackson later saw a different doctor out of state who removed the pellet with no problem, but that doctor had to leave stitches in his finger, which left his finger disfigured. Mr.

Jackson alleges that Dr. Rogers' failure to properly treat him caused the subsequent disfigurement of his finger. Mr. Jackson's claims appear to be state law claims of medical malpractice.

Federal courts are courts of limited jurisdiction. "Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. § 1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). The plaintiff has not identified the deprivation of a federal right or shown that the requirements of diversity jurisdiction are satisfied.

Absent any federal claim, this Court lacks subject matter jurisdiction. Therefore, the complaint is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   Further Proceedings

At this time, the dismissal of the complaint will not lead to dismissal of the action. Instead, Mr. Jackson shall have **through September 21, 2015,** in which **show cause** why this action should not be dismissed for lack of jurisdiction. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Jackson fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry.

**IT IS SO ORDERED.**

Date: 8/21/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Jackson, P. O. Box 2800, Indianapolis, IN 46206