UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:15-cv-01309-TWP-DKL |
| ) | |
| RICHARD ROGER ROGERS JR., MD, and ) | |
| KEITH HALL, EMT-P, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for Counsel**

The plaintiff's motion for the appointment of counsel has been considered. Contrary to the plaintiff's assertion that he has a right to a legal paralegal, "[t]here is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan,* 750 F.3d 708, 711 (7th Cir.2014) (citing *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir.2007)). Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant, however, the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson,* 750 F.3d at 711; *Pruitt,* 503 F.3d at 658. "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson,* 750 F.3d at 711. Further complicating plaintiff's request is that he specifically seeks "appointment of counsel that does mental complaints in the yellow pages."

In this case, the Court has discerned that the plaintiff's claims are outside the scope of its limited jurisdiction. Therefore, this is not a case in which it would be reasonable for the Court to attempt to recruit counsel. The plaintiff's motion for the appointment of counsel [dkt. 8] is **denied.**

The plaintiff continues to have **through September 21, 2015,** in which **show cause** why this action should not be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: 9/15/2015

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Jackson, P. O. Box 2800, Indianapolis, IN 46206